UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH WILLIAMS,

                Plaintiff,                      08 CIV 0408 (KMK)

-vs-                                            **AMENDED COMPLAINT**

WILLIAM LAHAR, sued in his individual      **JURY TRIAL DEMANDED**
capacity, and THOMAS REYNOLDS,
CURTIS HAHNE, GREG FISCHER,
MICHAEL PITT and OFFICER CARDINALE,
sued in their individual capacities,              **ECF Case**

                Defendants.
------------------------------------------------------X

### INTRODUCTION

1. Plaintiff Joseph Williams brings this action challenging the excessive use of force by City of Newburgh Police Officers on March 21, 2005.

### PARTIES

2. Plaintiff resides in Mount Vernon, New York. At all times relevant to this Complaint, he lived in City of Newburgh.

3. Defendant William Lahar is a police officer employed by City of Newburgh. This state actor may be sued under 42 U.S.C. § 1983.

4. Defendants Thomas Reynolds, Curtis Hahne, Greg Fischer, Michael Pitt and Officer Cardinale are police officers employed by City of Newburgh. These state actors may be sued under 42 U.S.C. § 1983.

### JURISDICTION AND VENUE

5. As plaintiff brings this action to challenge the excessive use of force under the Fourth and Fourteenth Amendments to the Constitution, this Honorable Court has

jurisdiction pursuant to 42 U.S.C. 1983 and 28 U.S.C. §§ 1331 and 1343(3) & (4).

6. As the events giving rise to this action arose in City of Newburgh, County of Orange, this case is properly venued in the Southern District of New York.

**FACTUAL AVERMENTS**

7. In the early morning hours of March 20, 2005, plaintiff was driving his vehicle, a Ford Escort, in City of Newburgh, providing a ride home for his friend, Harold McKinley.

8. Claiming that plaintiff was driving without proper license plate illumination, defendant Lahar pulled over plaintiff as he was driving along Ann Street and demanded that he produce his "fucking license and registration." After plaintiff complied with that demand, Lahar told plaintiff that a warrant from another jurisdiction was out for his arrest.

9. By this point, the remaining defendants had arrived on the scene. When Lahar told plaintiff about the warrant, plaintiff took his foot off the clutch, causing his vehicle – sandwiched between two police cars – to roll back a few inches. At this point, Lahar yelled out to the other officers that plaintiff was "trying to run." Without an provocation, Lahar then punched plaintiff on the left side of his face.

10. The defendant officers next pulled plaintiff from the vehicle, using enough physical force to cause visible damage to the car. This use of force was unnecessary and excessive as plaintiff did not resist arrest or cause defendants to believe that they or anyone else were at risk of physical injury.

11. In forcibly removing plaintiff from the vehicle, defendants punched and struck

him about the face and head, causing significant pain and bruising.

12. The officers employed sufficient force in removing plaintiff from the vehicle that they tore and removed his clothing. Although he was not wearing any clothing, defendants next handcuffed plaintiff and placed him face down in the street.

13. As they drove plaintiff to the police station, ignoring his pleas that he suffers from asthma, defendants pepper-sprayed his eyes, nose and mouth several times without any provocation, causing plaintiff to suffer significant pain and discomfort.

14. Although plaintiff was charged with resisting arrest, that charge was dismissed <u>sua sponte</u> by the Newburgh City Court.

15. As a result of defendants' use of excessive force in arresting plaintiff and transporting him to the police station, he suffered injuries to his head, back, neck, knee and shoulder. More than two years after this incident, plaintiff remains in pain and he continues to suffer from headaches.

16. As a result of plaintiff's arrest and unlawful detention, he lost his position at IBM, which paid him approximately $15.00 per hour. The physical injuries sustained on March 20, 2005 have also prevented plaintiff from performing manual labor.

17. The use of force inflicted upon plaintiff has caused him to suffer significant physical and emotional pain and suffering.

**CAUSE OF ACTION**

18. Plaintiff incorporates the allegations in ¶¶ 1-17 as if fully re-stated here.

19. In using excessive force without provocation in effecting plaintiff's arrest,

defendants violated plaintiff's rights under Fourth and Fourteenth Amendments to the United States Constitution, as made actionable through 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully asks that this Honorable Court:

a.  assume jurisdiction over this case;

b.  empanel a jury to fairly hear and decide this case;

c.  award to plaintiff compensatory damages for pain and suffering and lost income;

d.  award to plaintiff punitive damages for the wanton violation of his civil rights;

e.  award to plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

f.  award such other relief deemed just and proper.

Dated: March 20, 2008

Respectfully submitted,

S/_____
STEPHEN BERGSTEIN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff