# McCABE & MACK LLP

ATTORNEYS AT LAW
63 WASHINGTON STREET
POST OFFICE BOX 509
POUGHKEEPSIE, NY 12602-0509

TELEPHONE (845) 486-6800
FAX (845) 486-7621
E-MAIL info@mccm.com
Visit us on the World Wide Web at
http://www.mccm.com

**MEMO ENDORSED**

J. JOSEPH McGOWAN
DAVID L. POSNER
ELLEN L. BAKER
SCOTT D. BERGIN
RICHARD R. DuVALL
LANCE PORTMAN
RICHARD J. OLSON
MATTHEW V. MIRABILE
CHRISTINA M. BOOKLESS
KIMBERLY HUNT LEE
KAREN FOLSTER LESPERANCE
REBECCA M. BLAHUT
JODIE M. HANRAHAN
MICHELLE ALMEIDA
IAN C. LINDARS
SEAN M. KEMP
NOELLE M. PECORA

COUNSEL
PHILLIP SHATZ
MICHAEL A. HAYES, JR.
HAROLD L. MANGOLD
ALBERT M. ROSENBLATT
JESSICA L. VINALL

JOHN E. MACK
(1874-1958)
JOSEPH A. McCABE
(1890-1973)
EDWARD J. MACK
(1910-1998)
JOSEPH C. McCABE
(1925-1981)

DIRECT TELEPHONE: (845) 486-6874
E-MAIL:   dposner@mccm.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

April 7, 2008

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 12601

RE:   Williams v. Lahar, et al
      08 CIV 0408 (KMK)
      Our File No. 7969-0027

Dear Judge Karas:

Pursuant to Your Honor's Individual Rule of Practice II(A), I write to request a pre-motion conference seeking permission to file a motion to strike the recently filed Amended Complaint.

This action was commenced by the filing of a summons and complaint on or about January 16, 2008, alleging that City of Newburgh police officers used excessive force during the March 21, 2005 arrest of plaintiff Joseph Williams. Police Officer William Lahar was the only named defendant, along with "John Does I through IV", who are described simply as "police officers employed by City of Newburgh." Compl. ¶4.

Defendant Lahar filed and served an Answer on or about February 26, 2008.

On March 21, 2008, the last day of the statute of limitations, Plaintiffs filed an Amended Complaint deleting the John Doe defendants and adding as named defendants police officers Thomas Reynolds, Curtis Hahne, Greg Fischer, Michael Pitt, and "Officer Cardinale." The additional defendants were served on March 25, 2008, and their Answer (or any motion permitted by Rule 12) is due by April 14, 2008.

Because defendants had already answered the Complaint, plaintiff could not amend it as of right. Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff could not amend without either leave of

Hon. Kenneth M. Karas
United States District Court, Southern District of New York
April 7, 2008
Page 2

court or defendants' consent. Plaintiff sought neither. Where an amended pleading is filed without first seeking leave of court, the court treats such pleading as "without legal effect." In Re Crazy Eddie Sec. Litig., 792 F.Supp. 197, 204 (E.D.N.Y. 1992); Gaumont v. Warner Bros. Pictures, Inc., 2 F.R.D. 45, 46 (S.D.N.Y. 1941). Where, as here, a plaintiff "unilaterally files" an amended complaint rather the moving for leave, the court will "exercise its inherent power to strike th[e] improper pleading." Bizouati v. City of New York, 2008 U.S. Dist LEXIS 21769, at **5-6 (E.D.N.Y. March 19, 2008).

While defendants were unable to locate a decision of the Second Circuit Court of Appeals affirming this result, sister Circuit Courts and noted federal civil procedure commentators have all reached the same conclusion:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contained will not be considered unless the amendment is resubmitted for the court's approval.

United States v. Healthsouth Corp., 332 F.3d 293, 295 (5th Cir. 2003), quoting 6 Wright & Miller, Federal Practice & Procedure §1484, at 601. See also Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988).

An exception to this general rule will be had only where it can be shown that, if leave had been sought, it would have been granted, **and** that no prejudice will result from granting judicial permission after the fact. Healthsouth, 332 F.3d at 295-95; Wright & Miller at §1484. However, this limited exception is not applicable here. "This exception is limited to situations in which the plaintiff could still re-file the complaint without prejudicing another party . . . [, where it is] more procedurally expedient to consider the complaint filed than to strike the amended complaint and then grant leave to file another complaint that raised the exact same issues. *And more important*, the parties would be in the same position regardless of which procedure the court used." Healthsouth, 332 F.3d at 296-97 (emphasis added).

That is simply not the case here. Because the statute of limitations has run against the defendants sought to be added by the amended complaint, if the amended complaint were stricken and the plaintiffs properly filed a motion seeking leave to re-file, that motion would at this point be denied on futility grounds, in that the claims against the added defendants are now barred by the statute of limitations.[1] Thus, if the court were to *nunc pro tunc* grant leave to amend the complaint and deem the amended

---

[1] The relation-back doctrine embodied in F.R.C.P. 15(c) would not save the amended complaint from the statute of limitations bar. The sole purpose of the amendment was to replace the John Doe defendants with the names of the additional officers accused. "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statues of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993). See also Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995); Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999); Johnson v. Stinson, 28 Fed. Appx. 71, 72 (2d Cir. 2002); Vital v. State of New York, 136 Fed. Appx. 393, 395-96 (2d Cir. 2005).

Hon. Kenneth M. Karas
United States District Court, Southern District of New York
April 7, 2008
Page 3

complaint properly filed, the parties would not be in the same situation that they would have been in if the court had stricken the amended pleading and the plaintiff had then filed a motion seeking leave. To allow the amended complaint to stand now would be to essentially deprive the added defendants of their affirmative defense of the statute of limitations, thereby imposing substantial prejudice. See, e.g., Healthsouth, 332 F.3d at 296 ("The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period"); Stand Energy Corp. v. Columbia Gas Transmission Corp., 2005 U.S. Dist LEXIS 20867, at **8-9 (S.D. W. Va. August 4, 2005) ("[I]t is well established that the loss of a statute of limitations defense constitutes clear legal prejudice and the amendment should not be permitted"); Plumley v. Allstate Ins. Co., 882 F.Supp. 922, 924 (S.D. W. Va.. 1991) ("prejudice is obvious when to permit the amendment would virtually eliminate the affirmative defense of the statute of limitations.")

Thus, the Amended Complaint, having been filed without leave of court or consent of defendants, is without legal effect and should be stricken. Defendants respectfully request permission to file a motion seeking that relief.

Very truly yours,

McCABE & MACK LLP

DAVID L. POSNER

DLP/mmc
cc: Stephen Bergstein, Esq.

*[Handwritten note:]* The Court will hold a pre-motion conference on May 28, 2008, at 11:00. All filing deadlines are stayed until then.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
4/16/08