ML ENDORSED

# BERGSTEIN & ULLRICH, LLP

- ATTORNEYS AT LAW -

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE (845) 469-1277
FACSIMILE (845) 469-5904
E-MAIL: thefirm@tbulaw.com
www.tbulaw.com

Stephen Bergstein
Helen G. Ullrich

*Of Counsel*
Christopher D. Watkins

**VIA U.S. MAIL AND ECF**
April 14, 2008

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re:  Williams v. Lahar et al
     08 Civ. 0408 (KMK)

Dear Judge Karas:

This firm represents plaintiff in the above-styled case. All defendants other than William Lahar request a pre-motion conference for their contemplated Rule 12 motion. The proposed motion is futile.

The events giving rise to this action arose on March 21, 2005. On January 16, 2008, plaintiff brought this § 1983 action alleging the excessive use of force. In that Complaint, Lahar was the only named defendant. Plaintiff did not know the identities of the other officers who subjected him to the use of force. After the Complaint was filed, I served a FOIL request on the City requesting the names of the John Doe officers who were present at the time of plaintiff's arrest. It was not until March 19, 2008 that I received that information. As the statute of limitations expired on March 21, 2008, I immediately amended the Complaint by naming the John Doe officers and electronically filed it. A formal motion to amend the Complaint would have taken plaintiff's claims against the John Doe defendants outside the statute of limitations.

While courts generally prohibit the filing of amended complaints without permission after the answer has been filed, that rule is not mandatory. Under the circumstances of this case, the amended Complaint should stand and defendants' motion should be denied.

"Some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." 6 Wright, Miller and Kane, Federal Practice & Procedure § 1484. In Straub v. Desa

Industries, 88 F.R.D. 6, 9 (M.D. Pa. 1980), the court stated that "permitting an amendment without formal application to the court under the circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities." See also, Sklar v. Hayes, 1 F.R.D. 594, 596 (E.D. Pa. 1941) (permitting amended complaint without leave where the court would have granted leave to amend and "it does not appear that any of the parties have been prejudiced by the plaintiffs' action").

The operative questions are (1) whether this Court would have granted plaintiff's motion to amend the Complaint had he received the names of the John Doe officers any sooner and (2) whether the amended Complaint unfairly prejudices defendants.

Leave to amend the Complaint should be freely granted. Foman v. Davis, 371 U.S. 178 (1962). Foman allows the court to deny leave if the plaintiff was dilatory, engaged in undue delay or repeatedly failed to cure the Complaint's deficiencies. The court may further deny leave if the amendments are futile or would unfairly prejudice the defendants. Id. at 182. See generally, Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. . . . In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. 'Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend'").

None of the Foman factors are present. Plaintiff promptly amended the Complaint once he learned the identities of the John Doe defendants, and he did so within the statute of limitations. As the parties have not yet commenced discovery, the amendments do not even delay resolution of the case. In my experience, courts routinely allow plaintiffs to amend the Complaint to name John Doe defendants. These defendants cannot claim any prejudice as a result of the amended Complaint. Under the authorities cited above, defendants' proposed Rule 12 motion is meritless.

In seeking dismissal, defendants argue that the favorable language from Wright, Miller & Kane's practice treatise carries a contrary meaning. As noted above, they write in Federal Practice & Procedure that "[s]ome courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change."

Defendants cite United States v. Healthsouth Corp., 332 F.3d 293 (5th Cir. 2003) in arguing that "an exception to this rule will be had only where it can be shown that, if leave had been sought, it would have been granted, and that no prejudice will result from granting judicial permission after the fact." (Letter, at 2) (emphasis supplied). Healthsouth relies on two cases for this proposition: Hicks v. Resolution Trust, 767 F. Supp. 167 (N.D. Ill. 1991) and Straub v. Desa Industries, 88

F.R.D. 6 (M.D. Ill. 1991). With all due respect to the Fifth Circuit, these authorities do not stand for the proposition that the plaintiff must show that no prejudice would result from granting judicial permission after the fact.

In Hicks, the court allowed the plaintiff to amend the complaint without leave because the new claims arose from the same facts as the prior claims and the amendments did not unfairly prejudice the defendants. Id. at 170. Hicks does not stand for the proposition that courts should reject amendments without leave where that statute of limitations would have rendered futile a formal motion to amend. Likewise, in Straub, without leave of court, the plaintiffs filed a claim against a third-party defendant which had no opportunity to oppose the amendment. In allowing the amendment, the court ruled that it would have granted any motion to amend and that Rule 15 promotes the liberal amendment of pleadings. 88 F.R.D. at 9. While the court in Straub addressed a statute of limitations objection, that was not in the context of the unauthorized amendment. As the Fifth Circuit reads too much into Hicks and Straub as well as the commentary in Federal Practice & Procedure, this Court should reject the reasoning in Healthsouth as unpersuasive.

Very truly yours,

Stephen Bergstein

cc:   David L. Posner, Esq.

> The Clerk of Court is respectfully requested to docket this letter.
>
> SO ORDERED
>
> KENNETH M. KARAS U.S.D.J.
> 8/8/08